**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6403

DEREK L. SIMMS,

Plaintiff - Appellant,

versus

WILLIAM BAIR, Doctor; STEVEN WILLIAMS, Warden;
CRYSTAL LATERMORE, Nurse; DR. HAFT,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:06-cv-02867-WMN)

Submitted:  September 26, 2007      Decided:  October 9, 2007

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Derek L. Simms, Appellant Pro Se.  Dena M. Terra, Francis X. Leary,
WHITEFORD,  TAYLOR  &  PRESTON,  Towson,  Maryland;  Kevin  Bock
Karpinski, KARPINSKI, COLARESI & KARP, PA, Baltimore, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek L. Simms appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint. Simms alleged in his § 1983 complaint that prison personnel were deliberately indifferent to his serious medical needs and that he was subjected to unwanted medical treatment, in violation of the Eighth and Fourteenth Amendments. Insofar as the district court granted summary judgment against Simms on his claim of deliberate indifference, our review of the record discloses no error. Accordingly, as to this claim, we affirm for the reasons stated by the district court. See Simms v. Bair, No. 1:06-cv-02867-WMN (D. Md. filed Mar. 12, 2007 & entered Mar. 13, 2007).

However, the court failed to address Simms's Fourteenth Amendment claim in which he alleged that he was subjected to medical treatment without his consent. "The right to be free of unwanted physical invasions has been recognized as an integral part of the individual's constitutional freedoms . . . ." United States v. Charters, 829 F.2d 479, 491 (4th Cir. 1987), vacated on other grounds, 863 F.2d 302 (4th Cir. 1988). Moreover, "[t]he right to refuse medical treatment has been specifically recognized as a subject of constitutional protection," id., that survives criminal conviction and incarceration, cf. Youngberg v. Romeo, 457 U.S. 307, 316 (1982) (recognizing liberty from bodily restraint, as protected by the Due Process Clause from arbitrary governmental action,

- 2 -

survives criminal conviction and incarceration).  Thus, "[i]f an individual is competent to make medical decisions, the individual's informed decision presumptively is the best decision for that individual . . . ."  Charters, 829 F.2d at 494-95; see also Washington v. Harper, 494 U.S. 210, 221-22 (1990) (recognizing an individual's "significant liberty interest in avoiding the unwanted administration" of a specific form of medical treatment).

Nevertheless, forced medical treatment may be necessary to secure the health and safety of the affected individual, other inmates, and prison personnel.  See Washington, 494 U.S. at 227; see also Charters, 829 F.2d at 499.  "The procedural protections required by the Due Process Clause must be determined with reference to the rights and interests at stake in the particular case."  Washington, 494 U.S. at 229.  Factors that should be considered in determining the procedural requirements due under the Fourteenth Amendment are: (1) the private interests involved; (2) the governmental interests involved; and (3) the value of procedural requirements.  Id.

Neither Simms nor Dr. Bair has produced evidence, other than their own statements, to establish whether the treatment was refused.  Though Simms's Inmate Request Form indicated a desire to be examined by medical staff, this is not dispositive of the issue in dispute.  Additionally, the record is silent regarding whether the challenged procedure, if performed without Simms's consent, was

- 3 -

medically necessary to protect the health and safety of Simms, other inmates, and prison personnel. Therefore, because there are material issues of fact in dispute, we vacate and remand to the district court for consideration of this issue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>